UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  EDWARD PARK and KEUN
YUNG PARK

EDWARD PARK,

        Appellant,

v.                                                                        Case No:  2:15-cv-414-FtM-99

MULTIBANK 2009-1 RES-ADC
VENTURE, LLC and JONES
WALKER LLP,

        Appellees.

_____/

## ORDER[1]

This matter comes before the Court on the Appellees, Multibank 2009-1 RES-ADC

Venture, LLC and Jones Walker, LLP's Motion to Dismiss Appeal as Moot (Doc. #6) filed

on October 8, 2015.   The Appellants, Edward Park and Keun Yung Park, filed their

Response in Opposition (Doc. #9) on October 13, 2015.  The Motion is fully briefed and

ripe for the Court's review.

## BACKGROUND

Appellants Edward and Keun Yung Park filed a Chapter 13 bankruptcy petition on

February 29, 2008.   In their bankruptcy schedules, the Parks listed Riverside Bank

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some othloler site does not affect the opinion of the Court.

("Riverside") as a secured creditor holding a mortgage on their homestead property. Riverside filed a proof of claim for approximately $166,000. The promissory note (the "Note") attached to the proof of claim was dated March 18, 2006, and stated that the maturity date of the Note was March 18, 2009. The mortgage (the "Mortgage") attached to the proof of claim was dated May 18, 2004, and refers to a promissory note dated May 14, 2004, with a maturity date of November 18, 2005. The appropriate box on the Mortgage to indicate that the Mortgage was a "balloon mortgage" with the principal balance due upon maturity was not checked.

The Parks' Chapter 13 plan (the "Plan") listed Riverside as a secured creditor and stated that Riverside would be paid "outside the plan."  The Plan did not mention or otherwise refer to the maturity date of the Note. The Plan provided for 100% distribution to unsecured creditors, including student loan debt, through plan payments to be made over 60 months. The Parks moved for authority to make their mortgage payments directly to Riverside, stating that they understood the effect of paying secured creditors outside the Chapter 13 Bankruptcy Plan. The Court's order granting the motion authorized the Parks to pay Riverside directly, stating the automatic stay and discharge injunction are hereby terminated with respect to the Creditor to seek *in rem* relief against the property securing the Creditor's claim.  On April 21, 2009, the Parks' Plan was confirmed. Over the course of the next four years, they made all their payments under the Plan, and $107,407.80 was distributed to unsecured creditors.  On May 15, 2013, Debtors received their discharge.

In the meantime, the holder of the mortgage, Riverside Bank, was taken over by the FDIC in February 2009.  The Note and Mortgage were then serviced by Quantum

Servicing Corporation ("Quantum"). Although the obligation, now owed to Multibank, matured in March 2009, Debtors continued to make monthly payments on the loan after that date, and the payments were accepted by Quantum and Multibank. Ultimately, in August 2013, based upon the maturity of the Note, Multibank declared the loan in default and sent Debtors a written demand for the entire balance then due. In January 2014, Multibank sued the Parks to foreclose on their homestead and to recover the balance due on the Note.

The Parks subsequently filed an Emergency Motion for Rule to Show Cause, in the Bankruptcy Court, alleging that Multibank's suit against them individually violates the Bankruptcy Court's discharge injunction.   The Parks asked the Bankruptcy Court for $8,370.00 for legal fees, $2,000.00 in damages, and $10,000.00 in punitive damages for a total of $20,370.00.  On June 19, 2015, the Bankruptcy Court denied the Parks' Motion for Rule to Show Cause because the Parks removed the Note from their Chapter 13 Plan and made payments directly to Multibank.

Subsequent to the Parks filing of their Notice of Appeal in the Bankruptcy Court, Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2015_1 ("Kondaur") succeeded to Multibank's interests in the underlying loan documents. Kondaur and Appellants have recently entered into a Settlement Agreement. As part of the Settlement Agreement, Appellants executed a Release in favor of Kondaur, its predecessors (Multibank) and its predecessor's agents (JW) whereby Appellants expressly "agree that this Release is in full accord, satisfaction and discharge of any claims exceeding $100.00, that I/we may have in any way related to, or arising out of, the

Loan." (Doc. #6, Ex. B).  As part of the settlement agreement, the Parks executed a release in favor of Kondaur, and its predecessors (Multibank).

The Parks appealed the Bankruptcy Court's decision to this Court.  The Appellee now moves to dismiss the appeal as moot because the case has settled.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *In re Fish*, 2013 WL 1104884, *2 (M.D. Fla. March 18, 2013) (citing *In re Colortex Indus., Inc.,* 19 F.3d 1371, 1374 (11th Cir.1994)). This Court reviews de novo the legal conclusions of the bankruptcy court. *In re Fish*, 2013 WL 1104884 at *2 (citing *In re JLJ, Inc.,* 988 F.2d 1112, 1116 (11th Cir.1993)).

The standard of review employed by this Court in reviewing the bankruptcy court's findings of fact is the clearly erroneous standard of review described in Federal Rule of Bankruptcy Procedure 8013: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *In re Fish*, 2013 WL 1104884 at *2 (citing *In re Thomas,* 883 F.2d 991, 994 (11th Cir.1989)). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Crawford v. W. Elec. Co., Inc.,* 745 F.2d 1373, 1378 (11th Cir.1984) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

## DISCUSSION

Appellees now move the Court to dismiss the Parks' appeal.  Appellees argue there is no longer a case and controversy left for the Court to consider because after the Parks' Emergency Motion for Rule to Show Cause was denied in the Bankruptcy Court, the case was settled.  The settlement resolved all claims between the Parks and the Appellees over $100.00.  The Parks deny there was a designated amount requested in the Emergency Motion for Rule to Show Cause, however, they specifically moved the Bankruptcy Court for a total of $20,370.00. *In Re Park*, 9:08-bk-02806-FMD (Doc. #127 at 13-17).  Thus, the Appellees assert the appeal is now moot because they were released from all claims over $100.00 as authorized by the settlement agreement.

The Parks agree that a settlement was entered into by the Parties, but argue that even though the underlying foreclosure action was resolved, the underlying *in personam* action by the Appellees against the Appellants has not been fully resolved and there remains an amount in controversy.  The Parks contend the amount in controversy is not the $20,370.00 requested in the bankruptcy case below, but instead claims it is an unknown amount because the Bankruptcy Court denied the motion for sanctions.  Thus, the Parks contend the appeal should not be dismissed.

The Appellees rely on Matter of S. L. E. Inc., 674 F.2d 359, 364 (5th Cir. 1982), to support their position that the appeal should be denied as moot.  The Court in *Matter of S.L.E.* found that the appellants attempt to preserve the justiciability of the appeal of the bankruptcy court's ruling taken prior to the compromise settlement was unavailing because the settlement released the opposing litigants rendering the appeal moot. *Id.* "Mootness is one of the doctrines reflecting on the essential adversarial element.  If a

dispute has been settled or resolved, or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Id.* With the designation of mootness comes the concomitant designation of non-justiciability, unless one of the exceptions in here. *Id.* (citing *Laurenzo v. Mississippi High Sch. Activities Ass'n, 662 F.2d 1117, 1120 (5th Cir. 1981)* (quoting *DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S. Ct. 1704, 1705-06, 40 L.Ed.2d 164 (1974)* ("The starting point for analysis of the mootness issue is the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Matter of S. L. E. Inc., 674 F.2d at 364* (citing *North Carolina v. Rice, 404 U.S. 244, 92 S. Ct. 402, 30 L.Ed.2d 413 (1971)*).

In this instance, the Parties entered into a settlement agreement after the Parks filed their Notice of Appeal in the Bankruptcy Court.  The Release in the settlement agreement reads in pertinent part:

> I/We Edward R. Park and Keunyoung Park, hereby release and discharge, the extent of any and all claims exceeding $100.00, KANDAUR CAPITOL CORPORATION (Kondaur) its predecessors, successors, affiliates . . . from any and all claims, damages, or actions which I/we ever had, now have or hereafter may acquire arising directly or indirectly out of the or in any way connected with that certain loan . . . including any and all claims damages litigation (including any statutory or contractual right to claim attorney's fees therein) or action which I/we ever . . .

(Doc. #6, Ex. B).  The Release resolves any actions between the Parks and the Appellees that related to the loan directly or indirectly in excess of $100.00.  This would include any attempts by the Appellees to enforce or collect payments on the mortgage which is the matter at issue in the Parks' appeal.  As such, all objections and complaints that Appellees

violated the bankruptcy discharge for collecting on the outstanding mortgage were resolved in the settlement agreement.

The Parks attempt to argue that the settlement agreement does not apply because it settled all claims over $100.00 and here there is no amount in controversy until the Bankruptcy Court determines an amount as sanctions.  Contrary to the Parks' argument, it is clear from their own filings in the Bankruptcy Court they were seeking a total of $20,370.00.  Merely because the Parks lost their motion in the Bankruptcy Court, does not moot out the amount that they were seeking to obtain as a sanction.  Thus, the amount in controversy exceeds the $100.00 limit imposed by the settlement agreement.  Since the alleged violation of the discharge order was resolved by settlement agreement, the matter on appeal is moot.

Accordingly, it is now **ORDERED:**

The Appellees, Multibank 2009-1 RES-ADC Venture,LLC and Jones Walker, LLP's Motion to Dismiss Appeal as Moot (Doc. #6) is **GRANTED**.

1. The Appeal of the Bankruptcy Judge's decision denying the Parks' Motion for Rule to Show Cause is hereby **DISMISSED**.

2. The Clerk shall enter judgment accordingly, transmit a copy of this Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of February, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record